## FONTENETTE et al. *v.* VEAZEY.

On the representation of a natural tutrix that, the house in which she resides with her minor children, is falling into ruin for the want of necessary repairs, and that she has no pecuniary means to make them, the court, under the advice of a family meeting, may order unimproved property belonging to the tutrix and subject to a legal mortgage in favor of the minors, to be sold, free of such encumbrance, for the purpose of defraying the expenses of the necessary repairs to the house.

APPEAL from the District Court of St. Martin, *Boyce*, J. *Derbes*, for the appellants. *Magill*, for the defendant.

The judgment of the court was pronounced by

KING, J. This is an hypothecary action, instituted by the plaintiffs, to enforce upon two lots of ground, situated in the town of St. Martinsville, a legal mortgage, alleged to exist in their favor, to secure the amount of their inheritances from the succession of their father. There was a judgment in the lower court agsinst the plaintiffs, from which they have appealed.

In 1831, *Céleste Pellerin*, the mother and natural tutrix of the plaintiffs, presented a petition to the Probate Court, representing that the house in which she lived was rapidly falling into decay and ruin; that it was in a condition which endangered the lives of herself and children; and that, unless it was soon repaired, she would be without shelter for herself and family, as she owned no

other dwelling. She further represented that, she was destitute of pecuniary means with which to make the necessary repairs, and prayed to be authorized to sell, free from the mortgage of the minors, a sufficient number of town lots to defray the required expenditure, stating that this would rather increase than diminish the security for the estates of the minors. A family meeting advised the sale of a specified quantity of land to meet the expenses of the masonry, another to cover those of the wood-work, and ten additional lots for the purpose of purchasing other materials necessary for the completion of the work. Acting under this authority, the tutrix contracted to convey to the defendant two lots of ground in the town of St. Martinsville as the price of painting to be done upon her house, and the stipulated labor has been performed.

The plaintiffs contend · 1st. That painting was not one of the repairs authorized by the family meeting. 2d. That the legal mortgage in favor of minors, can only be removed in the mode provided by the act of 1830. Sess. Acts, p. 46, ss. 1, 2,

I. The family meeting, it has been seen, advised the tacit mortgage to be released, and sales to be made for these purposes, and, after providing for the payment of the wood-work and masonry, designated a larger quantity of land to be sold for the purpose of completing the work than for either of the others. It is difficult to conceive what other descriptions of labor and materials required so large an expenditure, unless painting was contemplated by the meeting. Such repairs are important and useful, contributing to the durability of the building, and to the comfort of its occupants. Unless this fair and reasonable construction be given to the clause it becomes nugatory.

II. The act of 1830 presents no obstacle to the release of the tacit mortgage in favor of minors in cases like the present, nor has it reference to such cases. Among the duties which devolve upon tutors are those of providing for the maintenance, health, and personal safety of their wards, in the execution of which the property of the minor himself may be sold, and, if necessary, the capital may be used. In the present instance property subject to the minors' mortgage has been sold for purposes for which their own might have been validly alienated, and with the further view of preventing the security for their estates from being diminished, by selling a part and reinvesting the price in valuable improvements upon the remainder. Here has been a mere mutation of the property by which the rights of the plaintiffs were secured, and made with an apparent necessity for the change. *Judgment affirmed.*